## ETTENBOROUGH and others vs. BISHOP.

1. A purchaser at a sale under a judgment obtained in an action against an individual partner, was enjoined from proceeding in an action of ejectment against the complainants (members of a firm of which such partner was one), who were in possession of the premises claimed to be partnership assets, and so decreed to be by this court. The action in which the judgment was obtained was commenced after the suit in which the premises were declared to be partnership assets, was begun, and a notice of *lis pendens* was filed before the commencement of that action. *Held*, on motion to dissolve, upon answer: The defendant having had constructive notice of complainants' claim (and, apparently, actual notice, also,) injunction should be retained.

2. New matter, as ground of estoppel, cannot avail upon the hearing of a motion to dissolve an injunction, on bill and answer.

---

On motion to dissolve injunction on bill, answer, and affidavits.

*Mr. W. H. Vredenburgh,* for the motion.

*Mr. E. Q. Keasbey,* contra.

THE CHANCELLOR.

The defendant is the purchaser, at sheriff's sale, under an execution issued on a judgment recovered against Stephen V. Arrowsmith by Thomas S. R. Brown and Thomas S. Brown, of certain land and premises in Monmouth county. In a suit in this court, brought by the complainants against Arrowsmith, the property has been decreed to be partnership assets of a firm composed of the complainants and Arrowsmith, and it has been ordered to be sold accordingly. That suit was brought in 1873, and notice of *lis pendens* therein, describing the premises, was duly filed in the clerk's office of Monmouth county, on the day on which the bill was filed, which was before, the suit at law in which the above mentioned judgment was recovered, was brought.

The defendant in this suit having obtained a deed from the sheriff, in pursuance of the above mentioned sale, brought an action of ejectment against the complainants, who are in possession of the premises, and an injunction was issued in this suit restraining him from proceeding in that action. In his answer, he sets up his title under the sheriff's sale, and also under a mortgage, subject to which Arrowsmith held the title to the property. It does not appear when he obtained the assignment of that mortgage, however, and on the argument, his counsel admitted that the ejectment was not brought on the mortgage, but on the title obtained under the sheriff's sale. On the case as presented, the injunction ought not to be dissolved. The defendant had constructive notice of the complainants' claim that Arrowsmith held the title to the land in trust, and there is good reason to believe, from his answer, that he had actual notice, also. The facts on which he relies as ground of estoppel, are new matter.

The motion will be denied, with costs.